IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAUL VEGA | § | |
| VS. | § | CIVIL ACTION NO. 5:12-CV-100 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Raul Vega, an inmate confined at the Barry Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends the petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a de novo review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the Magistrate Judge's findings relating to trial court error. As stated by the magistrate judge, a trial court's decision denying a motion for a mistrial justifies habeas corpus relief only if it was error so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Hernandez v. Dretke*, 125 F. App'x 528, 529 (5th Cir. 2005). Regardless of the trial court's reasoning in denying the motion for mistrial, petitioner has failed to show that the trial court's alleged error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id*.

Petitioner also argues he exhausted his claim that the trial court's instruction to the jury to "recall the evidence presented" was ineffective after the defense objected several times on the basis of facts it contended were not supported by the record. Regardless of the exhaustion determination, this claim lacks merit. The trial court sustained several of defense counsel's objections and instructed the jury to either disregard the statement or question made by the prosecutor. To those objections that were overruled, the trial court also instructed the jury to rely on their memory of the evidence. This instruction was curative, and petitioner has failed to show the jury somehow disregarded the instruction. Given the strength of the State's case and the curative instruction, any reference to evidence not admitted was harmless. *United States v. Rodriguez*, 43 F.3d 117, 124 (5th Cir. 1995).

Petitioner also objects to the finding there was no cumulative prosecutorial error. The Fifth Circuit has recognized the potential existence of the cumulative prosecutorial error. *Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir. 1992) (en banc). However, "the possibility of cumulative error is often acknowledged but practically never found persuasive." *Id*. On claims of cumulative error, a federal habeas court "review[s] the record as a whole to determine whether the errors more likely than not caused a suspect verdict." *Id*. In the present case, the state court of appeals ultimately found the errors complained of to be harmless. In addition, the State presented powerful evidence proving petitioner's guilt. Petitioner, therefore, has not shown the alleged errors "more than likely caused a suspect verdict." Id. The state court's denial of relief was reasonable.

Finally, petitioner re-urges his argument the evidence was insufficient to support a conviction. As stated by the magistrate judge, petitioner failed to exhaust this claim as he did not argue the sufficiency of the evidence on direct appeal. This claim is procedurally barred. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Regardless, the evidence

presented at petitioner's trial was more than sufficient to support his conviction. A federal court, on federal habeas review, "may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985). This Court must give due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The state court's determination was not an unreasonable application of clearly established federal law as determined by the Supreme Court.

Accordingly, the objections of petitioner are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. See *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of

appealability shall not issue in this matter.

**SIGNED this 21st day of September, 2015.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE